UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:  2:13-cv-14126

PHILLIP WHITE,

      Plaintiff,

vs.

SOUTHERN  POVERTY  LAW  CENTER,
JEFFREY DOE, MARY DOE, JOHN DOE
1, JOHN DOE 2, JOHN DOE 3,

      Defendants.

_____/

**DEFENDANT SOUTHERN POVERTY LAW CENTER'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT OR, IN THE ALTERNATIVE,
<u>MOTION FOR A MORE DEFINITE STATEMENT</u>**

Defendant Southern Poverty Law Center, Inc. ("SPLC") moves to dismiss this action for

failure to state a claim upon which relief can be granted, based on Rule 41(b) or, in the

alternative, moves for a more definite statement, and, in support of its motion, states the

following:

<u>**INTRODUCTION**</u>

Defendant Southern Poverty Law Center, Inc. ("SPLC") has been sued by Phillip White

("White"), an alleged member of an organization that holds "conservative views on matters of

racial and ethnic relations," based on allegations of stalking, terrorization and attempted murder.

White's claims should be dismissed for failure to state a claim because his claims are improperly

commingled, he makes naked allegations without supporting facts that are insufficient to

demonstrate that relief can be granted and fail to meet the plausibility requirement set forth in

*Iqbal*.  To the extent White seeks to assert claims based on infliction of emotional distress and

26643335.3

conspiracy, such claims also fail as a matter of law.  In the alternative, SPLC moves for a more definite statement.

Furthermore, SPLC has been forced to expend resources to retain counsel to address these frivolous claims that can only have been intended for purposes of harassment.[1]  Because Plaintiff has excessively delayed in bringing this litigation, involuntary dismissal is also appropriate on the basis of Federal Rule of Civil Procedure 41(b).

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff Phillip White alleges he is a board member of the Council of Conservative Citizens, an organization that holds itself out as protecting the rights of "Americans of British and European descent who hold to conservative views on matters of racial and ethnic relations." *See* Amicus Brief, *Commonwealth of Virginia v. Black*, 2002 WL 31051379 (2002) (arguing that cross burning should not carry criminal penalties because it constitutes political speech).

Southern Poverty Law Center ("SPLC") is a nonprofit, public interest organization dedicated to fighting hate and bigotry, and to protecting the civil rights of the most vulnerable members of our society. *See* Amicus Brief, *Texas Medical Providers Performing Abortion Services v. Lakey*, 2012 WL 4845866 (5th Cir. 2012).

In his First Amended Complaint,[2] White makes various claims against SPLC and five "Doe" defendants.[3]   [D.E.1, Ex.A:1-2:¶¶ 5-10],[4] alleging that SPLC acts as a political

---

[1] Southern Poverty Law Center recognizes that this Court must accept as true the well plead allegations of Plaintiff, and consequently, does not make any effort to refute the ridiculous and false assertions of fact set forth in the complaint and its amendment.  But for the record, those assertions are vehemently denied.  Southern Poverty Law Center intends to seek sanctions at the appropriate time.

[2] The complaint in this case is dated October 7, 2011.  White amended his complaint by interlineation on October 8, 2012 ("First Amended Complaint").  SPLC was served on February 25, 2013.  SPLC filed a Notice of Removal to this Court on March 26, 2013, based on diversity jurisdiction.

2

propagandist against conservative organizations and refer[s] to conservative organizations as 'hate groups.' [D.E.1:Ex.A:1:¶¶5-6]. According to Plaintiff, SPLC inserts spies into conservative organizations and has a full time paid employee as a spy or saboteur in the Council of Conservative Citizens. *Id.,* ¶7.  Supposedly, Plaintiff learned the identity of the spy. *Id.,* ¶8.

After learning of the spy, Plaintiff alleges he was harmed by some unidentified individual through the "stealing [of] his identify[ing] information via an on line attack, interfer[e]ing with his political posting on the internet, reading his private emails, attempts to frame Plaintiff with manufactured crimes, attempts to terrorize Plaintiff by stalking and initiating two plots to murder Plaintiff." *Id.*

Plaintiff claims that SPLC and its employees "had paid killers preparing to kill plaintiff." [D.E.1:Ex.A:2:¶9].   He claims that SPLC staff members were involved in organizing and financing "pervasive stalking" of him. *Id.,* ¶13.

Plaintiff alleges damages including "emotional stress."  *Id.,* ¶15.

## STANDARD OF REVIEW

To survive a motion to dismiss, a plaintiff is required to allege "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, a complaint "demands more than unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

---

[3] He alleges that these defendants "acted as agents for [SPLC]." [D.E.1, Ex.A:5]. He alleges that Jeffrey Doe supervised stalking of Plaintiff. *Id.*  Mary Doe and John Does 1, 2 and 3 participated in stalking and terrorization of Plaintiff. *Id.*

[4]  For ease of reference, Exhibit A of Docket Entry 1 has been paginated. References to Exhibit A in this Motion will be designated [D.E.1:Ex.A:page number:paragraph number, where applicable].

(2007)). A pleading is not sufficient "if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.

In addition, "[a] complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face." *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (*citing Iqbal*, 556 U.S. at 664).

*Pro se* litigants, as all litigants, "must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cnty. Sch. Bd.,* 399 F. App'x. 563, 565 (11th Cir. 2010) (internal citations omitted).  Like complaints drafted by attorneys, *pro se* complaints must be dismissed when they fail to state a claim upon which relief may be granted. *See Appleton v. Intergraph Corp.*, 727 F. Supp. 2d 1342, 1348 (M.D.Ga 2008) (*citing Albra v. Advan, Inc.*, 490 F.3d 826, 834 (11th Cir. 2007).

**ARGUMENT**

**A.      Motion to Dismiss**

### i.  White Improperly Commingles his Claims Contrary to Rules 8 and 10.

Rules 8 and 10 of the Federal Rules of Civil Procedure require not only a plain statement that sets forth a basis for relief, but also that causes of action involving separate facts should be set forth separately.   In the First Amended Complaint, Plaintiff improperly commingles conclusory claims in violation of the pleading requirements of Federal Rules of Civil Procedure 8 and 10. *See* [D.E.1, Ex.A:2:¶8]; *Bill v. City of N. Lauderdale*, 12-61342-CIV, 2013 WL 1289167 (S.D. Fla. 2013); *Benoit v. Ocwen Fin. Corp., Inc*., 960 F. Supp. 287, 289 (S.D. Fla. 1997) *aff'd* 162 F.3d 1177 (11th Cir. 1998) (dismissing complaint that was "rife with broad, vague, and conclusory statements" and where the factual allegations suggest that at least three separate and distinct claims are commingled in a single count). Because White improperly commingles multiple conclusory claims, Plaintiff's complaint should be dismissed

4

### ii.   White Fails to Assert the Elements Any Claim.

White fails not only to make a plain statement of his individual claims, but also fails to assert the elements of any particular claim.  Specifically, White makes conclusory statements regarding stalking, terrorization, conspiracy and a murder plot, among others, but never states the elements of any civil cause of action, upon which he seeks relief.  As the United States Supreme Court explained in *Iqbal*, 556 U.S. at 678-79, "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 678. The Supreme Court explained that, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Because White's complaint is essentially a list of conclusions, and lacks factual allegations in support, it warrants dismissal.

### iii.   White Fails to State Facts to Support his Conclusory Assertions.

With respect to the alleged theft of his identifying information, interference with his political postings, the reading of his private emails, attempts to frame him with manufactured crimes, and attempts to terrorize by stalking, White does not allege who committed these acts, nor does he describe any facts that would connect SPLC to any of these allegations.  With regard to his allegations of a murder plot, he vaguely states that SPLC and its employees "had paid killers preparing to kill Plaintiff," and never provides any factual allegations that would explain SPLC's role or involvement in such plots.

Ultimately, this sort of pleading is insufficient. As the Supreme Court stated in *Iqbal*, while "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. White's pleadings are similar to the pleadings in *Rock v. BAE*

5

*Sys., Inc.*, Case No. 6:12-cv-1092, 2013 WL 1091683 (M.D. Fla. 2013).  As in this case, the *pro se* plaintiff in *Rock* brought allegations of stalking and conspiracy against various defendants, and as here, largely failed to connect the harm that he allegedly endured to those defendants.  In dismissing the complaint, in that case, the Court stated that it was "cognizant of the fact that Plaintiff's suit is premised on a kind of clandestine conspiracy against him necessarily involving secrecy, such that he might not know the identity of every individual involved." *Id.* at *2, n.5. The Court went on to explain, however, that "Plaintiff's allegations must plausibly give rise to the inference that Defendants acted unlawfully." *Id.* By contrast, "[r]aising the implausible possibility that Defendants are liable will not be enough for Plaintiff's claims to go forward." *Id.*

As in *Rock*, White fails to plead facts supporting a reasonable inference that SPLC is liable for the misconduct alleged.  Instead, White relies on conclusory statements using inactive verbs and passive voice, including that SPLC "had paid killers preparing to kill Plaintiff" and "[p]ervasive stalking organized and financed by Senior Staff continued."  [D.E. 1, Ex. A at 2]. White has not alleged "enough facts to state a claim to relief that is plausible on its face" and therefore has "not nudged [his] claims across the line from conceivable to plausible." *See Twombly*, 550 U.S. at 570.  Accordingly, the First Amended Complaint must be dismissed.

### iv. White Fails to State a Claim for Intentional Infliction of Emotional Distress.

While the First Amended Complaint does not recite any specific causes of action or specify the elements of any particular cause of action, White refers to damages based on emotional distress. [D.E.1:Ex.A:2] (stating that White suffered "intense emotional stress.").  To the extent White may be construed as seeking damages based on a claim for intentional infliction of emotion distress, his First Amended Complaint fails to state such a claim.

6

The essential elements of a claim for intentional infliction of emotional distress are: (1) the wrongdoer's conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result; (2) the conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community; (3) the conduct caused emotional distress; and (4) the emotional distress was severe. *See Clemente v. Horne*, 707 So. 2d 865, 866 (Fla. 3d DCA 1998). "The determination of whether a plaintiff has alleged conduct which meets the essential elements for a claim for intentional infliction of emotional distress is a matter of law to be decided by the court." *See Gonzalez-Jimenez de Ruiz v. U.S.*, 231 F. Supp. 2d 1187, 1199 (M.D. Fla. 2002) (*citing Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277 (Fla. 1985)); *see also Ward v. Fla. Bd. of Education,* 822 So. 2d 518 (Fla. 1st DCA 2002); *Paul v. Humana Medical Plan, Inc.*, 682 So. 2d 1119, 1122 (Fla. 4th DCA 1996) (stating that Florida courts have "consistently held that it is for the trial court 'to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery'" and affirming dismissal with prejudice of claim for intentional infliction of emotional distress); *Ponton v. Scarfone*, 468 So. 2d 1009, 1011 (Fla. 2d DCA 1985) (affirming dismissal of claim for intentional infliction of emotional distress where conduct described in complaint did not reach benchmarks described in *McCarson*).

In the First Amended Complaint, White does not allege any specific conduct by SPLC even though three of the four elements of a claim for intentional infliction of emotional distress relate to the plaintiff's allegations of the wrongdoer's conduct. "[T]he viability of a claim for intentional infliction of emotional distress is highly fact-dependent and turns on the sum of the allegations in the specific case at bar." *Johnson v. Thigpen*, 788 So. 2d 410, 413 (Fla. 1st DCA 2001). Instead of alleging conduct by SPLC, Plaintiff uses the passive voice and inactive verbs

such that it is not clear what any specific employee of SPLC or the organization as a whole actually did. [D.E. 1:Ex.A:1-2].  Without identifying any specific conduct, White cannot state a claim for intentional infliction of emotional distress.

Furthermore, the fact that White uses charged words in his complaint including "fram[ing] Plaintiff with manufactured crimes" "ha[ving] paid killers preparing to kill Plaintiff," "terrorization," and "pervasive stalking" does not alter the fact that White has failed to identify any specific conduct by SPLC that that itself would be actionable.  "Only in extremely rare circumstances will courts uphold claims for intentional infliction of emotional distress." *Gonzalez-Gonzalez-Jimenez de Ruiz*, 231 F. Supp. 2d at 1199. To avoid dismissal for failure to properly allege outrageous conduct:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

*Id.* (*quoting* Restatement (Second) of Torts § 46 (1965)). The legal determination of whether particular conduct may state a claim is fact specific, and the fact that a person may have been placed in fear of loss of life, may have been the victim of a crime, may have been framed for crimes he didn't commit, or may have faced other harms are not necessarily sufficient to prevail on a claim for intentional infliction of emotional distress. *See, e.g., Foreman v. City of Port St. Lucie*, 294 F. App'x 554, 557–58 (11th Cir. 2008) (concluding that officer pointing unloaded BB gun where person did not know it was unloaded and pulling trigger was not sufficiently outrageous under Florida law); *Garcia v. Carnival Corp.*, 838 F. Supp. 2d 1334, 1337 (S.D.Fla. 2012) (assault and battery allegations insufficient to demonstrate intentional infliction of

8

emotional distress); *Artubel v. Colonial Bank Group*, 2008 U.S. Dist. LEXIS 60781 (M.D. Fla. Aug, 8 2008) (false statements resulting in plaintiff's wrongful incarceration were not outrageous conduct); *Scheller v. Am. Medical Int'l, Inc*., 502 So.2d 1268, 1270-71 (Fla. 4th DCA 1987) (false accusations of theft, eviction from office, and publishing of false information about income were not so outrageous to allow claim for intentional infliction of emotional distress).

Ultimately, Plaintiff's allegations fail to actually identify the specific conduct at issue, and consequently fail to meet the high standard required under Florida law to state a claim for this type of relief.

Furthermore, White simply does not allege the second element of a claim for intentional infliction of emotional distress: intent to cause or reckless infliction of emotional distress.  Nor does White allege facts that, if true, would prove that conduct by SPLC caused severe emotional distress.  Instead, the bulk of White's allegations describe his response to the supposed plot against him.  [D.E.1:Ex.A:2:¶¶10-12,14,15].  However, "the subjective response of the person who is the target of the actor's conduct does not control the question of whether the tort of intentional infliction of emotional distress occurred."  *Liberty Mut. Ins. Co. v. Steadman*, 968 So. 2d 592, 595 (Fla. 2d DCA 2007).  *See also Rapp v. Jews for Jesus, Inc.*, 944 So. 2d 460, 467 (Fla. 4th DCA 2006) (reversed on other grounds); *State Farm Mut. Ins. Co. v. Novotny*, 657 So. 2d 1210, 1213 (Fla. 5th DCA 1995).  Thus, even accepting White's allegation that he suffered intense emotional distress as true, that allegation alone is insufficient to meet the element of severe emotional distress.

For these reasons, White fails to state a claim for intentional infliction of emotional distress.

### v. White Fails to State a Claim for Negligent Infliction of Emotional Distress

No matter how liberally the First Amended Complaint is construed, White does not allege the elements of a claim for negligent infliction of emotional distress. Specifically, White does not allege that he suffered any discernible physical injury at all, much less that his emotional distress flowed from his physical injury, which is required to state a claim for negligent infliction of emotional distress.

### vi. White Fails to State a Claim for Civil Conspiracy

Finally, while White uses the word conspiracy in his complaint, the First Amended Complaint does not state a claim for civil conspiracy.

> A civil conspiracy requires: (a) an agreement between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts done under the conspiracy.

*Charles v. Fla. Foreclosure Placement Center, LLC*, 988 So. 2d 1157, 1159-1160 (Fla. 3d DCA 2008).

First, while White alleges general involvement by SPLC and its staff collectively in pervasive stalking and murder plots, he does not allege any agreement. Nor does he allege any specific unlawful overt act by SPLC. Nor does White state which act taken as part of any conspiracy resulted in damage to him. Furthermore, acts by SPLC and its staff and agents collectively would fail to state a claim based on the intracorporate conspiracy doctrine. *See St. Petersburg Yacht Charters, Inc. v. Morgan Yacht, Inc.*, 457 So. 2d 1028, 1041 n. 4 (Fla. 2d DCA 1984) (noting that "[a] corporation cannot conspire with itself"). All of the actors including the Doe defendants identified in White's First Amended Complaint are alleged to be either employees or agents of SPLC, and as such, White cannot demonstrate a conspiracy in that regard.

10

Furthermore, in Florida, a civil conspiracy is not actionable unless the underlying wrongful act is completed.  "The gist of a civil conspiracy is not the conspiracy itself, but the civil wrong which is done through the conspiracy that results in damage to the plaintiff.  An act which constitutes no ground of action against one person cannot be made the basis of a civil action for conspiracy."  *Hager v. Venice Hosp., Inc.*, 944 F. Supp. 1530, 1536 (M.D.Fla. 1996).  In other words, the underlying offense must be actionable before the charge of civil conspiracy can be properly maintained.  *Hager*, 944 F. Supp. at 1536; *see also Balcor Property Management, Inc. v. Ahronovitz*, 634 So. 2d 277, 279 (Fla. 4th DCA 1994)*; Palm Beach Cty. Health Care Dist. v. Prof'l Med. Educ.*, 13 So. 3d 1090, 1096 (Fla. 4th DCA 2009) ("Since the counts regarding the goals of the conspiracy-defamation and tortious interference-fail, so too the conspiracy count must fail."); *Raimi v. Furlong*, 702 So. 2d at 1284 ("a cause of action for civil conspiracy exists … only if 'the basis for the conspiracy is an independent wrong or tort which would constitute a cause of action if the wrong were done by one person.'"); and *Buckner v. Lower Fla. Keys Hosp. Dist.,* 403 So. 2d 1025, 1027 (Fla. 3d DCA 1981) ("An act which does not constitute a basis for an action against one person cannot be made the basis of a civil action for conspiracy.").  Any attempt to allege a conspiracy involving stalking, terrorization or murder (or attempted murder) fails where White has not alleged an actionable underlying civil wrong.

### vii.  White's Allegations Against "Doe" Defendants Must be Dismissed

As a general matter, fictitious-party pleading is not permitted in federal court. *See Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). Consequently, to the extent Plaintiff is suing various "Doe" defendants, those defendants should be dismissed.

### B.      Motion for a More Definite Statement

In the alternative, SPLC moves for a more definite statement.  Federal Rule of Civil Procedure 12(e) permits a party to move for a "more definite statement of a pleading to which a

11

responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). "The motion is intended to provide a remedy for an unintelligible pleading, rather than a vehicle for obtaining greater detail." *Gombos v. Central Mortgage Co.*, Case No. No. 10–81296, 2011 WL 832878, *1 (S.D.Fla. March 3, 2011). "[A] pleading is insufficient if a defendant does not know the basic facts that constitute the claim for relief against it. Such detail should not be left to discovery, for the 'purpose of discovery is to find out additional facts about a well-pleaded claim, not to find out whether such a claim exists.'" *Id.* at *2 (*quoting Stoner v. Walsh*, 772 F.Supp. 790, 800 (S.D.N.Y. 1991). As the Eleventh Circuit has explained that "[e]xperience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll*., 77 F.3d 364, 367 (11th Cir. 1996); *see also Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 979 (11th Cir. 2008).

In the First Amended Complaint, White makes it impossible to ascertain what he is alleging that SPLC actually did, by relying on conclusory allegations like the following:

> On learning that Plaintiff had discerned the identity of the Southern spy in the Council of Conservative Citizens detrimental actions against Plaintiff including stealing his identify information via an online attack, interferring with his political posting on the internet, reading his private emails, attempts to frame Plaintiff with manufactured crimes, attempts to terrorize Plaintiff by stalking and at two points initiating plots to murder Plaintiff, all of which caused Plaintiff intense emotional stress. In addition Plaintiff was caused considerable expense to provide for his own security and lost his right to move about freely and unworried for Plaintiff's safety.

*See* First Amended Complaint at paragraph 9.

As noted above, Federal Rule of Civil Procedure 10(b) requires a plaintiff to state its claims in numbered paragraphs limited as far as practicable to a single set of circumstances. The

First Amended Complaint reduces allegations relating to numerous circumstances that apparently occurred over a number of years (including multiple murder plots) to a rambling, incoherent sentence. Furthermore, White never identifies the person or entity responsible for these "detrimental actions."

SPLC cannot reasonably prepare a response to the First Amended Complaint other than the above Motion to Dismiss based on White's failure to allege sufficient facts. If this Court is not willing to dismiss this claim with prejudice at this time, SPLC requests that this Court strike the First Amended Complaint and order White to plead a more definite statement concerning the cause(s) of action pursuant to which White seeks relief and to describe what SPLC allegedly did that entitles Plaintiff to the relief sought.

**C.     Rule 41(b) Motion for Involuntary Dismissal**

As noted above, White alleges that he was subject to various harms including a murder plot dating from October 2007, as well as pervasive stalking and terrorization. He waited approximately four years to file his complaint in this case. He then unreasonably delayed the service of process of the complaint. Specifically, White filed his complaint on October 7, 2011, but did not serve SPLC until February 25, 2013, nearly 17 months after filing the complaint. Unreasonable delay demonstrates a "lack of diligence", and can support a motion to dismiss under Rule 41(b) for failure to prosecute even if the defendant cannot demonstrate any actual prejudice. *See Arundar v. Staff Builders Temp. Pers., Inc.*, 92 F.R.D. 770, 771 (N.D. Ga. 1982) (*citing Index Fund, Inc. v. Hagopian*, 90 F.R.D. 574, 580 (S.D.N.Y.1981)). If White was actually the victim of a murder plot against him, he would have sought relief many years ago. At the very least, he should not have engaged in such a lengthy delay in serving process upon SPLC and litigating this case. SPLC objects on the basis of this delay, and requests that this Court dismiss Plaintiff's case on that basis as well.

13

**D.     Conclusion**

Accordingly, Defendant Southern Poverty Law Center respectfully requests that this Court dismiss Plaintiff's First Amended Complaint with prejudice.

Respectfully,

CARLTON FIELDS

*s/Jessica Zagier Wallace*
Walter J. Taché (FBN 0028850)
wtache@carltonfields.com
Jessica Zagier Wallace (FBN 0956171)
jwallace@carltonfields.com
Miami Tower
100 S.E. Second Street, Ste. 4200
Miami, Florida 33131
Telephone:     (305) 530-0050
Facsimile:     (305) 530-0055
*Counsel for Southern Poverty Law Center, Inc.*

## CERTIFICATE OF SERVICE

I certify that on April 9, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that it is being served on *pro se* Plaintiff in the manner set forth below:

Phillip White
2012 Gardenview Road
Sebring, FL 33870
*U.S. Mail*

*s/Jessica Zagier Wallace*
Jessica Zagier Wallace