IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 13-cv-14126-KMM

PHILLIP WHITE,

    Plaintiff,

vs.

SOUTHERN POVERTY LAW CENTER, *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT SOUTHERN POVERTY LAW CENTER'S MOTION TO DISMISS

THIS CAUSE came before the Court upon the Motion to Dismiss filed by Defendant Southern Poverty Law Center ("SPLC") (ECF No. 7). Plaintiff Phillip White filed a Response (ECF No. 9) and SPLC filed a Reply (ECF No. 12). This matter is therefore ripe for review. UPON CONSIDERATION of the Motion, the Response, the Reply, the pertinent portions of the Record, and being otherwise fully advised in the premises, this Court enters the following Order.

SPLC is a "nonprofit, public interest organization dedicated to fighting hate and bigotry . . . ." Motion to Dismiss, at 2. Phillip White asserts an affiliation with the Council of Conservative Citizens ("CCC"), an organization seeking to protect Americans of "European descent . . . ." Id. This action was originally filed in Florida state court and was removed to this Court. Notice of Removal, at 1. The original state court Complaint (ECF No. 1-2) ("Complaint") in this matter was filed in October 2011 and was amended by interlineation (ECF No. 1-2) in October 2012. Id. at 2. Plaintiff alleges a cause of action for "stalking, terrorization, conspiracy to murder, identify theft, and attempts to defame." Id. (referencing Complaint, at 1-

2).[1]  After the filing of the Motion to Dismiss Plaintiff filed a Motion for Leave to File an Amended Complaint (ECF No. 13) and a Motion to Remand to State Court (ECF No. 14).

## I. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. See Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984). On a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" Id. at 679.

A complaint must also contain enough facts to indicate the presence of the required elements. Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1302 (11th Cir. 2007). However, "[a] pleading that offers . . . 'a formulaic recitation of elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). "[C]onclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002).

---

[1] Plaintiff has also sued various unidentified "Doe" defendants. Notice of Removal, at 4. Plaintiff alleges these Does acted as agents for SPLC in stalking Plaintiff. Motion to Dismiss, at 3 n.3. This Order granting the Motion to Dismiss closes this Case against SPLC as well as the Doe defendants.

**II. ANALYSIS**

Plaintiff maintains that SPLC "act[s] as a political propagandist against conservative organizations . . . " and that SPLC has a spy in the CCC. Complaint, at 1. Plaintiff maintains he is a board member of the CCC. Id. Plaintiff enumerates his grievances as follows:

> On learning that Plaintiff had discerned the identify of the Southern spy in the Council of Conservative Citizens [SPLC initiated] detrimental actions against Plaintiff including stealing his identity information via an on line attack, interfering with his political posting on the internet, reading his private emails, attempts to frame Plaintiff with manufactured crimes, attempts to terrorize Plaintiff by stalking and at two points initiating plots to murder Plaintiff, all of which caused Plaintiff intense emotional stress.

Id.

Defendant argues that Plaintiff's "claims should be dismissed for failure to state a claim because his claims are improperly comingled, he makes naked allegations without supporting facts that are insufficient to demonstrate that relief can be granted and fail to meet the plausibility requirement . . . ." Motion to Dismiss, at 1. Defendant further identifies that Plaintiff has failed to assert the elements of any of the alleged claims under Fed. R. Civ. P. 8(a). "White makes conclusory statements regarding stalking, terrorization, conspiracy, and a murder plot, among others, but never states the elements of any civil cause of action, upon which he seeks relief." Id. at 5. "Because White's complaint is essentially a list of conclusions, and lacks factual allegations in support, it warrants dismissal." Id.

SPLC points out that White's claims concerning stalking and terrorization are vague and do not include any facts that would connect SPLC to the allegations. See id. In addition, Plaintiff has not set out specific conduct that would be sufficient for a claim of Intentional Infliction of Emotional Distress. See id. at 6-7. Furthermore, Plaintiff has failed to state a claim for Negligent Infliction of Emotional Distress or Civil Conspiracy. See id. at 10. Plaintiff

3

responds "that White is only making one claim, that of intentional terrorization that resulted in cost damages to White in providing for his personal security." Response, at 2. Defendant has identified that terrorization is not an actionable tort and cannot form the basis of a claim on which relief can be granted. See Reply, at 3.

Plaintiff has made a variety of conclusory and vague allegations against Defendant. These allegations, which include identity theft, violations of privacy, stalking, terrorization, emotional distress, and murder, do not appear to be grounded in any facts. See Complaint, at 1. The Complaint violates the Federal Rules of Civil Procedure. Plaintiff sets out allegations but does not list any causes of action or elements of causes of action. See Iqbal, 556 U.S. at 678. Plaintiff does not offer any facts that would plausibly support his allegations. See id. ("a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face") (citations omitted). "[L]egal conclusions can provide the complaint's framework, [but] they must be supported by factual allegations." Id. at 664. Here, Plaintiff can hardly be said to have put forward legal conclusions, as his allegations are not identified in terms of actionable legal claims. In addition, Plaintiff has not organized his complaints into separate paragraphs in accordance with the requirements of Fed. R. Civ. P. 10(b).

Plaintiff has also moved for leave to file an Amended Complaint. See Motion for Leave to File Amended Complaint. In his proposed Amended Complaint, Plaintiff would make various additions to the Complaint. See id. at 4. For instance, Plaintiff would add the following sentence: "[a]ll these actions directed at Plaintiff by defendant were detrimental and many were egregious or outrageous." Id. White would also adds various "additional proofs . . ." which consist of chronologies and letters. See id. at 1; see generally id.

Defendant argues Plaintiff should not be given leave to amend because any amendment would be futile. Reply, at 3. "The Eleventh Circuit has drawn a distinction between situations in which a more carefully drafted complaint might state a claim, in which situation a plaintiff should be given leave to amend, and situations in which an amended complaint would again necessarily be subject to dismissal or summary judgment. In the latter situation, a district court need not allow an amendment where an amendent would be futile." Id. (citing Lee v. Alachua County, FL, 461 Fed. Appx. 859, 860 (11th Cir. 2012); Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (internal quotation marks omitted)). Having reviewed Plaintiff's proposed Amended Complaint, this Court agrees that allowing Plaintiff to file an Amended Complaint would be futile.

### III. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Defendant Southern Poverty Law Center's Motion to Dismiss (ECF No. 7) is hereby GRANTED. This Case is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  7th   day of May, 2013.

_____
K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record